GARY M. RESTAINO
United States Attorney
District of Arizona
VINCENT J. SOTTOSANTI
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: vincent.sottosanti@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Mag. No. 4:20-mj-08904 (LAB) |
| Plaintiff, | |
| vs. | RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION |
| Amber Ortega, | |
| Defendants. | |

The United States of America, by and through its undersigned attorneys, hereby requests the Court deny the defendant's Motion for Reconsideration, as this matter has been fully briefed and argued and there are no new facts, no new law, and no showing that this Court made a manifest error in its ruling.  Both parties have already extensively briefed and argued these issues; therefore, the Government asks this Court to refer to its previously filed motion (doc. 32) and will attempt to limit this response to address specific issues raised in the defendant's Motion for Reconsideration.

## I. The Defendant Has Failed to Meet the Requirements of Local Rule of Civil Procedure 7.2(g).

Local Rule of Civil Procedure 7.2(g), which governs motions for reconsideration, provides:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

In the District of Arizona, motions for reconsideration will be granted when:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
> (2) There are new material facts that happened after the Court's decision;
> (3) There has been a change in the law that was decided or enacted after the Court's decision; or
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

*Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003). "Reconsideration is indicated in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice." *Navajo Nation v.*

*Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).  Whether to grant reconsideration is within the sound discretion of the trial court, *id.*, and a denial of a motion for reconsideration is reviewed for abuse of that discretion. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).

In this case, the defendant rehashes the same arguments as to "substantial burden" and "compelling interest" that have already been briefed and argued.  She cites to no new facts or law.  The defendant's single point of error seems to be that she believes the court analyzed the wrong government action.  The defendant argues that that court should have analyzed the prosecution of the defendant and not her arrest.  The defendant cites *Hoffman* for this proposition.  However, *Hoffman* addressed the criminal prosecution and not the arrest and removal of the individuals from the Cabeza Prieta National Wildlife Refuge, because there was no removal and arrest.  Hoffman was asked to leave the Refuge, and he did.  He was not cited until later.  *United States v. Hoffman*, 436 F. Supp. 3d 1272, 1277 (D. Ariz. 2020).

If, as the defense now claims, stopping the construction was the religious exercise at issue, then the Government action at issue ought to be the action that stopped that exercise, i.e. the defendant's arrest.  In any event, both the defendant's arrest and her prosecution have been fully briefed and argued to the Court.  Any justification and compelling interest the Government has in arresting an individual also applies to the prosecution of that individual.  Splitting hairs by separating the prosecution from the arrest makes no difference in terms of the legal analysis of the RFRA issues.

The defendant has failed to meet the requirements of Local Rule of Civil Procedure

7.2(g) and her motion should be denied.

## II. RFRA

### a. Substantial Burden

The Government previously briefed the relevant law in relation to the Religious Freedom Restoration Act. (Doc. 32). In its original motion, the Government argued that *Navajo Nation* 535 F.3d 1058 (9th Cir. 2008) is controlling. This is still the Government's position.

To establish that a government action constitutes a substantial burden on a claimant's sincerely held religious belief, a claimant must show either (1) that he or she was forced to choose between following his or her sincerely held religious beliefs or receiving a government benefit, or (2) that he or she was coerced to act contrary to his or her sincerely held religious beliefs by the threat of criminal or civil sanctions. *Snoqualmie Indian Tribe v. F.E.R.C.,* 545 F.3d 1207, 1214 (9th Cir. 2008) (quoting *Navajo Nation*, 535 F.3d at 1070). As pointed out in argument and in the Government's previous motion, the Defendant fails both prongs.

However, even if there are other ways of showing a substantial burden, *Navajo Nation* still precludes any claim that the Government's use of its own land can be a substantial burden on an individual's religion. "The right to the free exercise of religion does not provide religious adherents the right to dictate the government's use of its own land or resources." *Id.* at 1073 (holding that the movants "cannot dictate the decisions that the government makes in managing what is, after all, its land") (citing *Lyng v. Nw. Indian*

*Cemetery Protective Ass'n*, 485 U.S. 439, 453 (1988)) (emphasis in original).

The defense asks this Court to "recognize, as the *Hoffman* Court did, that the "substantial burden" prohibition prevents the government from criminally prosecuting anyone for actions that constitute the exercise of a sincerely held religious belief—". (Defense Motion for Reconsideration, Doc 51, at 8). However, this is a misstatement of the *Hoffman* holding and a rule that, if adopted, could lead to absurd results. What *Hoffman* actually found was that the Government's actions were a substantial burden and that the government didn't have a compelling interest in requiring individuals to obtain a permit before leaving food and water for migrants crossing the desert, because even if they had a permit they still wouldn't be allowed to leave food and water. *United States v. Hoffman*, 436 F. Supp. 3d 1272, 1277 (D. Ariz. 2020). "The Court finds that Defendants demonstrated that their prosecution for this conduct substantially burdens their exercise of sincerely held religious beliefs, and that the Government failed to demonstrate that prosecuting Defendants is the least restrictive means of furthering any compelling governmental interest." *Id.*

In this case, the defendant still has not shown a substantial burden on her religious beliefs. The defendant was free to exercise her religion in any way she sees fit, she just could not do so on the narrow strip of land in the Organ Pipe National Monument that was subject to the closure order. The defendant was also free to protest the construction of border infrastructure and attempt to stop the construction in any legal way she wished, as long as she did not violate the closure order. Nothing the Government did in this case placed a substantial burden on the defendant's exercise of her religion.

### b. The Government Has a Compelling Interest and Has Used the Least Restrictive Means in Enforcing Closure Orders.

Even if the defendant could show that the Government placed a substantial burden on the exercise of her religion, which she has not, the Government still has a compelling interest in enforcing closure orders. These interests include: (1) the safety of the public, construction workers, law enforcement personnel and the defendant herself, (2) the ability to use and improve its own land, and (3) the ability to engage in construction activity without unnecessary delays or interference. In fact, one of the regulations the defendant is charged with violating requires a determination that the closure is necessary for public health and safety. 36 C.F.R. § 1.5 provides that the park superintendent may: "based upon a determination that such action is necessary for the maintenance of public health and safety…close all or a portion of a park area to all public use or to a specific use or activity….violating a closure, designation, use or activity restriction or condition, schedule of visiting hours, or public use limit is prohibited."

The defendant argues that the Government has no interest in prosecuting the defendant because, "[t]he government accomplished its goal—it was able to remove her from the area and continue with the construction to which she was objecting. And, absent this prosecution, Ms. Ortega was able to engage in the relevant exercise of her religion: doing whatever she could to protect her people's sacred lands, including placing her own body between the equipment she viewed as harmful and the land she viewed as sacred."

However, because the defendant ignored the Agent's order to leave the closed area, the Government had to remove the defendant by force. The Government's goal in this case

wasn't to forcibly remove the defendant, it was to maintain a safe environment for all involved and to improve its own land without interference. The defendant, unlike the defendant in *Hoffman*, did not voluntarily leave, she pointedly refused to leave even after being warned she would be arrested.

The defendant is asking this court to adopt a rule whereby the Government has to arrest an individual to maintain its interests but is barred from prosecuting that individual. Law enforcement officers arrest people when they have probable cause to believe they committed a crime. The Government has a right to prosecute individuals who commit crimes. RFRA, when it applies, creates an exemption to criminal liability. "RFRA exists precisely to provide, where appropriate, exemptions from 'rules that apply to all members of the public.'" *United States v. Hoffman*, 436 F. Supp. 3d 1272, 1286 (D. Ariz. 2020). The Defense's position is essentially saying that law enforcement should arrest people without probable cause in order to further the Government's "goals." Not only is this legally dubious, but it would potentially expose the officers involved to liability. See e.g., *Tanzin v. Tanvir*, 141 S. Ct. 486, 208 L. Ed. 2d 295 (2020) (holding that RFRA's express remedies provision permits litigants, when appropriate, to obtain money damages against federal officials in their individual capacities); 42 USC § 1983.

In addition, one of the Government's valid interests in prosecuting individuals who commit crimes is to promote deterrence. In this case, the Government has an interest in prosecuting the defendant to deter her and others from violating closure orders, creating safety hazards and interfering with agency functions.

There were no less restrictive means for the Government to accomplish its

compelling interests of public safety, the ability to use and improve its own land, and the ability to engage in construction activity without unnecessary delays or interference. The alternative suggested by the defendant, forceable removal yet immunity from prosecution, is legally questionable. The other alternative, one that would be in place if this Court allows the defendant a RFRA exemption, would force the Government to allow the defendant to indefinitely block any construction activity she finds religiously objectionable and ignore closure orders putting herself and others at risk.

### III. Conclusion

The defendant has failed to meet the standards set forth in Local Rule of Civil Procedure 7.2(g) and the Court's previous ruling sets forth the correct legal conclusion. For these reasons, the defendant's Motion for Reconsideration should be denied.

Respectfully submitted this 28th day of December, 2021.

> GARY M. RESTAINO
> United States Attorney
> District of Arizona
>
> */s Vincent J. Sottosanti*
>
> VINCENT J. SOTTOSANTI
> Assistant U.S. Attorney

Copy of the foregoing served electronically
or by other means this 28th day of December, 2021, to:

All ECF participants